**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4004**

───────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

CARLOS MORALES LOPEZ, a/k/a Tatone,

                Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00049-RLV-DCK-2)

───────────────

Submitted: April 23, 2012          Decided: May 10, 2012

───────────────

Before KING, KEENAN, and WYNN, Circuit Judges.

───────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────────

Faith S. Bushnaq, BUSHNAQ LAW OFFICE, PLLC, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Lopez appeals his conviction and 210-month sentence for conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and at least fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether an incomplete transcript of the guilty plea hearing renders effective appellate review impossible, and whether the district court erred in failing to sufficiently explain Lopez's sentence. Lopez filed a pro se supplemental brief claiming that the district court erred in enhancing his sentence based on his coconspirator's possession of a firearm.

The Government initially declined to file a response brief. Pursuant to our review under Anders, we directed the Government to file a brief addressing the adequacy of the district court's explanation for the sentence. In the resulting brief, the Government not only addresses the sentencing issue but asserts that the appellate waiver provision in the plea agreement bars any claim of sentencing error, and urges us to enforce the waiver and dismiss the appeal. We affirm in part and dismiss in part.

2

We review de novo the validity of a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

In the plea agreement, Lopez agreed to waive all appellate rights relating to his conviction and sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. Moreover, the agreement specifically states that Lopez waives his "to appeal whatever sentence is imposed." Our review of the record convinces us that Lopez's waiver was knowing and intelligent. We are well able, even with the

partial transcript of the guilty plea hearing,[*] to conclude that under the totality of the circumstances, Lopez's waiver of appellate rights was knowing and voluntary.

Turning to the scope of the waiver, we conclude that the sentencing issues raised by counsel in the Anders briefs and by Lopez in the pro se supplemental brief fall within the scope of the appellate waiver provision, and we dismiss the appeal as to those claims.

In accordance with Anders, we have thoroughly examined the entire record for any other potentially meritorious issues outside the scope of Lopez's appeal waiver and have found none. Therefore we affirm in part as to any potential claims not foreclosed by the waiver provision, and dismiss the appeal in part as to those claims encompassed by the waiver. This court requires that counsel inform Lopez, in writing, of the right to petition the Supreme Court of the United States for further review. If Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lopez. We dispense with oral argument because the

_____

[*] The transcript is incomplete as it was created from a digital recording that ended prior to the conclusion of the hearing.

4

facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART